Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Cindy Chan (SBN 247495)
cchan@blakelylawgroup.com
BLAKELY LAW GROUP
1334 Parkview Avenue, Suite 280
Manhattan Beach, California 90266
Telephone: (310) 546-7400
Facsimile: (310) 546-7401

*Attorneys for Plaintiff*
*Deckers Outdoor Corporation*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION, a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC., a Delaware Corporation; and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO.<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**<br><br>1. **FEDERAL TRADEMARK INFRINGEMENT;**<br><br>2. **TRADE DRESS INFRINGEMENT;**<br><br>3. **FALSE DESIGNATIONS OF ORIGIN & FALSE DESCRIPTIONS;**<br><br>4. **FEDERAL TRADEMARK DILUTION;**<br><br>5. **TRADEMARK DILUTION UNDER CALIFORNIA LAW;**<br><br>6. **PATENT INFRINGEMENT**<br><br>7. **COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**<br><br>**JURY TRIAL DEMANDED** |

1  **Plaintiff Deckers Outdoor Corporation** in support of its claims against **Defendant**
2  **Wal-Mart Stores, Inc**. alleges as follows:

3                                    **JURISDICTION AND VENUE**

4          1.      Plaintiff files this action against Defendant for trademark infringement,
5  trade dress infringement, and trademark dilution under the Lanham Trademark Act of
6  1946, 15 U.S.C. §1051 et seq. (the "Lanham Act") and related claims of unfair
7  competition and trademark dilution under the statutory and common law of the state of
8  California.  Plaintiff also files this action against Defendant for patent infringement
9  arising under the patent laws of the United States.  This Court has subject matter
10  jurisdiction over the claims alleged in this action pursuant to 28 U.S.C. §§ 1331, 1338.

11         2.      This Court has personal jurisdiction over Defendant because Defendant
12  does business within this judicial district.

13         3.      This action arises out of wrongful acts by Defendant within this judicial
14  district and Plaintiff is located and has been injured in this judicial district by
15  Defendant's alleged wrongful acts.  Venue is proper in this district pursuant to 28
16  U.S.C. § 1391 because the claims asserted arise in this district.

17                                         **THE PARTIES**

18         4.      Plaintiff Deckers Outdoor Corporation ("Deckers") is a corporation
19  organized and existing under the laws of the state of Delaware with an office and
20  principal place of business in Goleta, California.  Deckers designs, manufactures and
21  markets footwear for six different brands, including the famous UGG® brand (the
22  "UGG Brand"), which is identified by its famous UGG® trademark and stylized
23  variations thereof (collectively, the "UGG Mark").

24         5.      Upon information and belief, Defendant Wal-Mart Stores, Inc. is a
25  corporation duly organized and existing under the laws of the State of Delaware with
26  an office and principal place of business at 702 South West 8th Street, Bentonville,
27  Arkansas 72716.

28

6.     Plaintiff is unaware of the names and true capacities of Defendants, whether individual, corporate and/or partnership entities, named herein as DOES 1 through 10, inclusive, and therefore sues them by their fictitious names.  Plaintiff will seek leave to amend this complaint when their true names and capacities are ascertained.  Plaintiff is informed and believes and based thereon alleges that said Defendant and DOES 1 through 10, inclusive, are in some manner responsible for the wrongs alleged herein, and that at all times referenced, each was the agent and servant of the other and was acting within the course and scope of said agency and employment.

7.     Plaintiff is informed and believes, and based thereon alleges, that at all relevant times herein, Defendant and DOES 1 through 10, inclusive, knew or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and by their inaction ratified and encouraged such acts and behavior. Plaintiff further alleges that Defendant and DOES 1 through 10, inclusive, have a non-delegable duty to prevent or not further such acts and the behavior described herein, which duty Defendant and DOES 1 though 10, inclusive, failed and/or refused to perform.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

**A.     Deckers' UGG® Brand, Bailey Button Boot Trade Dress and Bailey Button Design Patents**

8.     Deckers has become well known throughout the United States and elsewhere as a source of high quality footwear products identified at least by its UGG® brand ("UGG Brand") of premium footwear.

9.     Deckers owns several trademark registrations in the United States and has many applications pending in connection with various goods and services that it sells and/or provides in connection with its famous UGG® Brand.  Deckers' United States trademark registrations for the word mark "UGG" (hereinafter "UGG Mark") include but are not limited to the following:

**PLAINTIFF'S COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

| U.S. Reg. No. | Reg. Date | International Class |
|---|---|---|
| 3,050,902 | 01/24/2006 | 1 |
| 3,050,903 | 01/24/2006 | 3 |
| 3,050,925 | 01/24/2006 | 25 |
| 3,050,865 | 01/24/2006 | 35 |
| 3,061,278 | 02/21/2006 | 18 |
| 3,166,352 | 10/31/2006 | 24 |
| 3,166,351 | 10/31/2006 | 27 |
| 3,166,350 | 10/31/2006 | 20 |
| 3,360,442 | 12/25/2007 | 25 |
| 3,412,734 | 04/15/2008 | 18 |

10.    Registrations for the UGG Mark are valid and subsisting. At all times relevant hereto, the UGG Mark has been continually used by Deckers in most of the world and in the United States, on or in connection with the manufacture, distribution, sale and promotion of its products.

11.    The UGG Mark is distinctive when applied to high-quality footwear and related merchandise, signifying to the purchaser that the products come from Deckers and are manufactured to Deckers' quality standards.

12.    Since 1978, when the UGG® Brand was founded, the popularity of UGG® boots has steadily grown across the nation and even the globe. The UGG® Brand has always been and remains highly coveted by consumers.  This commitment to quality has helped to propel the UGG® Brand to its current, overwhelming level of popularity and cemented its status as a luxury brand.

13.    It has now been fourteen years since UGG® boots were first featured on Oprah's Favorite Things® in the year 2000, and Oprah emphatically declared on national television how much she "LOOOOOVES her UGG boots." The popularity of UGG® Brand footwear has grown exponentially since then with celebrities including Kate Hudson and Sarah Jessica Parker among myriad others regularly donning them. UGG® sheepskin boots have become a high fashion luxury item and can be found on fashion runways around the world.

4

14.   Deckers' UGG® products are distributed and sold to consumers through retailers throughout the United States at point of sale and on the Internet, including through its website www.uggaustralia.com.

15.   Some of the more widely recognized styles within the UGG® family of sheepskin boots are the "Bailey Button" styles.  The Bailey Button styles (examples of which are shown below) are characterized, *inter alia*, by

- Classic suede boot styling made famous by the UGG® brand;
- Overlapping of front and rear panels on the lateral side of the boot shaft;
- Curved top edges on the overlapping panels;
- Exposed fleece-type lining edging the overlapping panels and top of the boot shaft; and
- One or more buttons (depending on the height of the boot) prominently featured on the lateral side of the boot shaft adjacent the overlapping panels.

(hereinafter "Bailey Button Boot Trade Dress").

  

16.   The Bailey Button Boot Trade Dress was an original design by Deckers and the key elements thereof are non-functional and serve primarily to identify Deckers and its UGG® brand as its source.

17.   Introduced in 2009, the Bailey Button Boot Trade Dress has continuously appeared on UGG® boots, which have been featured on Deckers' advertising and promotional materials as well as in the trade publications set forth above. Deckers has

extensively used and promoted the Bailey Button Boot Trade Dress such that it is closely identified with the UGG® brand and has gained widespread public recognition.

18.     Deckers has spent substantial time, effort, and money in designing, developing, advertising, promoting, and marketing the UGG® brand and its line of footwear embodying the Bailey Button Boot Trade Dress. Deckers' efforts have been successful and Deckers has sold a substantial amount of UGG® boots bearing the Bailey Button Boot Trade Dress.

19.     Due to its long use, extensive sales, and significant advertising and promotional activities, Deckers' UGG Mark and Bailey Button Boot Trade Dress have achieved widespread acceptance and recognition among the consuming public and trade throughout the United States.

20.     Many of Deckers' UGG® footwear designs are protected by design patents issued by the United States Patent and Trademark Office. Design Patents for UGG® footwear include, but are not limited to, U.S. Patent Nos. D599,999 for the "Single Bailey Button Boot" (registered on September 15, 2009), and D616,189 (registered on May 25, 2010) for the "Triple Bailey Button Boot" (hereinafter, collectively, "UGG Boot Designs"). Attached hereto and incorporated herein as Exhibit 1 are true and correct copies of the registered design patents for the UGG Boot Designs.

21.     Deckers is the lawful assignee of all right, title, and interest in and to the UGG Boot Designs.

**B.     Defendant's Infringement of the UGG Mark, Bailey Button Boot Trade Dress, and Bailey Button Design Patents**

22.     Upon information and belief, Defendant Wal-Mart Stores, Inc. ("Wal-Mart") is engaged in the retail sale of a wide range of apparel, accessories, and home merchandise. Wal-Mart's retail stores are located nationwide, including within this judicial district. In addition, Wal-Mart also sells its items through its website -

PLAINTIFF'S COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

www.walmart.com ("Wal-Mart Website") - which is accessible to customers nationwide, including those within this judicial district.

23.     The present lawsuit arises from Wal-Mart's advertisement, marketing, distribution, offer for sale, and/or sale of footwear that infringe upon Plaintiff's Bailey Button Boot Trade Dress and Bailey Button Design Patents ("Infringing Products"). Furthermore, Wal-Mart has used the UGG Mark and similar designations in connection with its sale and advertising of competitive products, at least through the use of such marks in Internet search engine advertising, when Wal-Mart has no rights to use such mark and such mark is not descriptive of Wal-Mart's products.

24.     The Wal-Mart Website includes on each of its pages a product search bar that enables internet users to perform a targeted search within the Wal-Mart Website. When the word "UGG" is typed in the product search bar alone or in connection with a search phrase on the Wal-Mart Website, boots that look confusingly similar and/or nearly identical to UGG boots, including Infringing Products, are retrieved as search results.  None of these boots however are actually UGG® products.  Such use by Wal-Mart of Plaintiff's UGG Mark creates initial interest confusion, directing consumers to products confusingly similar to Plaintiff's products.

25.     For example, even as recently as April 4, 2014, entering the search term "UGG" into the search bar on the Wal-Mart Website retrieves several results depicting boots very similar to those sold by Plaintiff  (See Exhibit 2 attached hereto).  In fact, a search for "UGG" on the Wal-Mart Website generates search results for "UGG STYLE" boots.  Neither these so-called "UGG STYLE" boots or any of the other search results are actually UGG® boots.

26.     Wal-Mart's offering of products in connection with the UGG Mark improperly trades off the goodwill Deckers has established in the UGG Mark in order to improperly attract consumers to Wal-Mart's competitive products.

27.     Customers familiar with UGG boots and looking for same by entering the search term "UGG" on the Wal-Mart website would likely believe, incorrectly, that the

1   confusingly similar products retrieved as a result thereof being offered is somehow
2   endorsed, sponsored or affiliated with Deckers.

3       28.    Furthermore, once a consumer types in "UGG" on the Wal-Mart website
4   and retrieves the results, even if the consumer recognizes that the products offered are
5   not authentic UGG products, the consumer may purchase confusingly similar products
6   from Wal-Mart.  In this manner, the Plaintiff is harmed by weakening the association
7   of the UGG Mark with Plaintiff's products, and such consumers are likely to instead
8   purchase confusingly similar competitive products.

9       29.    Wal-Mart is not an authorized retailer of UGG® boots.  Deckers has not
10  granted a license or any other form of permission to Wal-Mart with respect to any of
11  its trademarks, trade dress, and/or design patents.

12  **FIRST CLAIM FOR RELIEF**

13  **(Trademark Infringement under 15 U.S.C. § 1114)**

14      30.    Plaintiff incorporates herein by reference the averments of the preceding
15  paragraphs as though fully set forth herein.

16      31.    Plaintiff's UGG Mark is nationally recognized, including within the
17  Central District of California, as being affixed to goods and merchandise of the highest
18  quality and coming from Plaintiff.

19      32.    The registrations for the UGG Mark are in full force and effect, and
20  Plaintiff has authorized responsible manufacturers and vendors to sell merchandise
21  bearing said mark.

22      33.    Defendant's unauthorized use of the UGG Mark in interstate commerce
23  and in advertising to promote goods that are not UGG® products constitutes trademark
24  infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114
25  of Plaintiff's UGG® Marks.

26      34.    Defendant's use of the UGG Mark is without Plaintiff's permission or
27  authority and is in total disregard of Plaintiff's rights to control its trademarks.

28

35.     Defendant's infringing activities are likely to lead to and result in consumer confusion, mistake or deception, and are likely to cause the public to believe that Plaintiff has produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendant's commercial and business activities, all to the detriment of Plaintiff.

36.     Upon information and belief, Defendant has knowledge of Plaintiff's rights in the UGG Mark.  Further, upon information and belief, Defendant's acts are deliberate, willful and intended to confuse the public as to the source of Defendant's goods or services and to injure Plaintiff and reap the benefit of Plaintiff's goodwill associated with the UGG Mark.

37.     As a direct and proximate result of Defendant's infringing conduct, Plaintiff has been injured and will continue to suffer irreparable injury to its business and reputation unless Defendant is restrained by this Court from infringing Plaintiff's UGG Mark.

38.     Plaintiff has no adequate remedy at law.

39.     In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendant from using Plaintiff's UGG Mark, or any marks confusingly similar thereto, for any purpose, and to recover from Defendant all damages, including attorneys' fees, that Plaintiff has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendant as a result thereof, in an amount not yet known, as well as the costs of this action and up to treble damages pursuant to 15 U.S.C. § 1117(a) and (b), or statutory damages pursuant to 15 U.S.C. § 1117(c).

## SECOND CLAIM FOR RELIEF

### (Trade Dress Infringement)

40.     Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

41.     Elements of Plaintiff's Bailey Button Boot Trade Dress are nonfunctional and its inherently distinctive quality has achieved a high degree of consumer recognition and serves to identify Plaintiff as the source of high-quality goods.

42.     The Bailey Button Boot Trade Dress is of such a unique and unusual quality that a customer would immediately rely on said design to differentiate the source of goods.

43.     Furthermore, the Bailey Button Boot Trade Dress has been featured in connection with various celebrities, has received a large volume of unsolicited media intention, and has graced the pages of many popular magazines nationwide and internationally.

44.     The design of the Infringing Products produced, distributed, advertised and offered for sale by Defendant are confusingly similar to UGG® boots bearing the Bailey Button Boot Trade Dress, such as to cause a likelihood of confusion as to the source, sponsorship or approval of Defendant's products.

45.     Defendant's unauthorized use of Plaintiff's Bailey Button Boot Trade Dress on its merchandise in interstate commerce and advertising relating to same constitutes false designation of origin and a false representation that the goods and services are manufactured, offered, sponsored, authorized, licensed by or otherwise connected with Plaintiff or come from the same source as Plaintiff's goods when, in fact, they do not.

46.     Defendant's use of Plaintiff's Bailey Button Boot Trade Dress is without Plaintiff's permission or authority and in total disregard of Plaintiff's rights to control its trademarks.

47.     Defendant's use of Plaintiff's Bailey Button Boot Trade Dress is likely to lead to and result in confusion, mistake or deception, and is likely to cause the public to believe that Defendant's products are produced, sponsored, authorized, or licensed by or that are otherwise connected or affiliated with Plaintiff, all to the detriment of Plaintiff.

1    48.    Plaintiff has no adequate remedy at law.

2    49.    In light of the foregoing, Plaintiff is entitled to injunctive relief

3    prohibiting Defendant from using Plaintiff's Bailey Button Boot Trade Dress, or any

4    designs confusingly similar thereto, and to recover all damages, including attorneys'

5    fees, that Plaintiff has sustained and will sustain, and all gains, profits and advantages

6    obtained by Defendant as a result of its infringing acts alleged above in an amount not

7    yet known, as well as the costs of this action.

8    ### THIRD CLAIM FOR RELIEF

9    ### (False Designations of Origin & Unfair Competition)

10    50.    Plaintiff incorporates herein by reference the averments of the preceding

11    paragraphs as though fully set forth herein.

12    51.    Defendant's unauthorized use of Plaintiff's UGG Mark in connection with

13    the advertisement and sale of its own proprietary merchandise, as well as the sale of

14    similar and competing goods that infringe upon Plaintiff's Bailey Button Boot Trade

15    Dress in interstate commerce constitutes a false designation of origin and a false

16    representation that the goods are manufactured, offered, sponsored, authorized,

17    licensed by or otherwise connected with Plaintiff or come from the same source as

18    Plaintiff's goods when in fact they do not.

19    52.    Defendant's use of Plaintiff's UGG Mark and Bailey Button Boot Trade

20    Dress is without Plaintiff's permission or authority and in total disregard of Plaintiff's

21    rights to control its trademarks and trade dress.

22    53.    Defendant's infringing activities are likely to lead to and result in

23    consumer confusion, mistake or deception, and are likely to cause the public to believe

24    that Plaintiff has produced, sponsored, authorized, licensed or is otherwise connected

25    or affiliated with Defendant's commercial and business activities, all to the detriment

26    of Plaintiff.

27    54.    Plaintiff has no adequate remedy at law.

28

**PLAINTIFF'S COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

55.     In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendant from using the UGG Mark and Plaintiff's Bailey Button Boot Trade Dress, or any marks/designs confusingly similar thereto, and to recover all damages, including attorneys' fees, that Plaintiff has sustained and will sustain, and all gains, profits and advantages obtained by Defendant as a result of its infringing acts alleged above in an amount not yet known, as well as the costs of this action.

## FOURTH CLAIM FOR RELIEF

### (Federal Trademark Dilution)

56.     Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

57.     Plaintiff's UGG Mark is famous within the meaning of the Lanham Act.

58.     Defendant's acts described above have diluted and continue to dilute Plaintiff's unique and distinctive UGG Mark.  These acts violate the Lanham Act, have injured and, unless immediately restrained, will continue to injure Plaintiff, causing damage to Plaintiff in an amount to be determined at trial, as well as irreparable injury to Plaintiff's goodwill and reputation associated with the value of the UGG Mark.

59.     Upon information and belief, Defendant's infringing activities began long after Plaintiff's UGG Mark became famous.

60.     Upon information and belief, Defendant acted knowingly, deliberately and willfully with the intent to trade on Plaintiff's reputation and to dilute the value of Plaintiff's UGG Mark.  Defendant's conduct is willful, wanton and egregious.

61.     Plaintiff has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendant's infringing acts, unless they are enjoined by this Court.

62.     In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendant from using Plaintiff's UGG Mark, and to recover all damages, including attorneys' fees, that Plaintiff has sustained and will sustain, and all gains,

**PLAINTIFF'S COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

1  profits and advantages obtained by Defendant as a result of its infringing acts alleged
2  above in an amount not yet known, and the costs of this action.

3  **FIFTH CLAIM FOR RELIEF**

4  **(Trademark Dilution in Violation of California Law)**

5       63.    Plaintiff incorporates herein by reference the averments of the preceding
6  paragraphs as though fully set forth herein.

7       64.    The UGG Mark is distinctive in the state of California by virtue of its
8  substantial inherent and/or acquired distinctiveness, extensive use in the state of
9  California, and the extensive advertising and wide spread publicity of the mark in the
10 state of California.

11      65.    The actions of Defendant complained of herein are likely to injure the
12 business reputation and dilute the distinctive quality of the UGG Mark, which is
13 famous.

14      66.    The foregoing acts of Defendant constitute dilution and injury to business
15 reputations in violation of the California Business and Professions Code.

16      67.    The conduct herein complained of is extreme, outrageous, fraudulent, and
17 was inflicted on Plaintiff in reckless disregard of Plaintiff's rights.  Said conduct is
18 despicable and harmful to Plaintiff and as such supports an award of exemplary and
19 punitive damages in an amount sufficient to punish and make an example of the
20 Defendant and to deter it from similar such conduct in the future.

21      68.    By reason of the foregoing, Plaintiff is being damaged by Defendant's
22 unauthorized use of the UGG Mark in the manner set forth above, and will continue to
23 be damaged unless Defendant is immediately enjoined under Section 14247 of the
24 California Business and Professions Code from using the UGG Mark.

25      69.    Plaintiff will be irreparably injured by the continued acts of Defendant,
26 unless such acts are enjoined.

27      70.    Defendant's acts have damaged and will continue to damage Plaintiff, and
28 Plaintiff has no adequate remedy at law.

71.     In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendant from using the UGG Mark for any purpose and recovery of up to three times its profits from, and up to three times all damages suffered by reason of, Defendant's wrongful use of the UGG Mark.

/ / /

/ / /

## SIXTH CLAIM FOR RELIEF

### (Patent Infringement)

72.     Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

73.     Plaintiff is the owner by assignment of all right, title and interest in and to the Bailey Button Design Patents.

74.     Defendant has knowingly and intentionally manufactured, caused to be produced, distributed, advertised, marketed, offered for sale, and/or sold footwear that is substantially similar to the Bailey Button Design Patents in direct violation of 35 U.S.C. § 271.

75.     Defendant's use of the Bailey Button Design Patents is without Plaintiff's permission or authority and is in total disregard of Plaintiff's right to control its intellectual property.

76.     As a direct and proximate result of Defendant's infringing conduct, Plaintiff has been injured and will continue to suffer injury to its business and reputation unless Defendant is restrained by this Court from infringing Plaintiff's Bailey Button Design Patents.

77.     Defendant's acts have damaged and will continue to damage Plaintiff, and Plaintiff has no adequate remedy at law.

78.     On information and belief, Defendant's acts herein complained of constitute willful acts and intentional infringement of the Bailey Button Design Patents.

**PLAINTIFF'S COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

79.     All of Deckers' UGG® footwear products, including products embodying the Bailey Button Design Patents, bear a label on the products themselves that gives notice to the public of its patent registration.

80.     Given the widespread popularity and recognition of Deckers' Bailey Button Boot style and the patent notice provided on the products themselves, Plaintiff avers and hereon alleges that Defendant had knowledge of Deckers' rights to the Bailey Button Design Patents and has intentionally copied said designs on its own brand of products in an effort to pass them off as if they originated, are associated with, are affiliated with, are sponsored by, are authorized by, and/or are approved by Deckers.

81.     Plaintiff is informed and believes and hereon alleges that Defendant is a competitor and has copied Deckers' Bailey Button Boot style in an effort to exploit Deckers' reputation in the market.  In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendant from infringing the Bailey Button Design Patents and to recover from Defendant all damages, including attorneys' fees, that Plaintiff has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendant as a result thereof, in an amount to be determined, which amount can be trebled under 35 U.S.C. § 284.

## SEVENTH CLAIM FOR RELIEF

### (Common Law Trademark Infringement and Unfair Competition)

82.     Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

83.     Plaintiff owns and enjoys common law trademark rights in the UGG Mark and Bailey Button Boot Trade Dress in California and throughout the United States.

84.     Defendant's infringement of Plaintiff's UGG Mark, the Bailey Button Boot Trade Dress, and Bailey Button Design Patents constitutes unfair competition in violation of the common law of the State of California.

85.     Defendant's infringing acts in appropriating rights in Plaintiff's intellectual property intended to capitalize on Plaintiff's goodwill associated therewith for Defendant's own pecuniary gain.  Plaintiff has expended substantial time, resources and effort to obtain an excellent reputation for the UGG® brand.  As a result of Plaintiff's efforts, Defendant is now unjustly enriched and are benefiting from property rights that rightfully belong to Plaintiff.

86.     Defendant's unauthorized use of Plaintiff's UGG Mark, Bailey Button Boot Trade Dress, and Bailey Button Design Patents has caused and is likely to cause confusion as to the source of Defendant's products, all to the detriment of Plaintiff.

87.     Defendant's acts are willful, deliberate, and intended to confuse the public and to injure Plaintiff.

88.     Plaintiff has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendant's infringing conduct, unless it is enjoined by this Court.

89.     The conduct herein complained of was extreme, outrageous, fraudulent, and was inflicted on Plaintiff in reckless disregard of Plaintiff's rights.  Said conduct was despicable and harmful to Plaintiff and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of Defendant, and to deter it from similar such conduct in the future.

90.     In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendant from infringing the UGG Mark, Bailey Button Boot Trade Dress, and Bailey Button Design Patents, and to recover all damages, including attorneys' fees, that Plaintiff has sustained and will sustain, and all gains, profits and advantages obtained by Defendant as a result of its infringing acts alleged above in an amount not yet known, and the costs of this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that this Court enter judgment in its favor and against Defendant as follows:

1      1.     A Judgment that Defendant has infringed Deckers' UGG Mark, Bailey

2  Button Boot Trade Dress, and Bailey Button Design Patents in violation of the Lanham

3  Act and patent laws of the United States, and that Defendant's infringement was

4  willful;

5      2.     An order granting temporary, preliminary and permanent injunctive relief

6  restraining and enjoining Defendant, its agents, servants, employees, officers,

7  associates, attorneys, and all persons acting by, through, or in concert with any of

8  them, are hereby temporarily, preliminarily, and permanently enjoined from using

9  Plaintiff's UGG Mark, Bailey Button Boot Trade Dress, Bailey Button Design Patents,

10  including, but not limited to:

11      (a)     using the UGG Mark or the word "UGG" (however spelled,

12  whether capitalized, abbreviated, singular or plural, printed or stylized, used alone or

13  in combination with any other words, used in caption or text, or used orally or

14  otherwise) or any other reproduction, counterfeit, copy, colorable imitation, or

15  confusingly similar variation of the UGG Mark in Defendant's advertising of its

16  products, including using the UGG Mark in metatags, in keyword or other pay-per-

17  click advertising, in any sponsored search engine advertising, in other Internet uses, or

18  in any manner that suggests that Defendant or its products, services, or activities

19  originate from, are affiliated with, are connected to, are associated with, or are

20  sponsored, endorsed, or approved by Deckers;

21      (b)     manufacturing, importing, advertising, marketing, promoting,

22  supplying, distributing, offering for sale, or selling the Infringing Products or any other

23  products which bear Plaintiff's Bailey Button Boot Trade Dress or any designs

24  confusingly similar thereto and/or products bearing designs that infringe upon the

25  Bailey Button Design Patents and/or the overall appearance thereof;

26      (c)     engaging in any other activity constituting unfair competition with

27  Plaintiff, or acts and practices that deceive consumers, the public, and/or trade,

28

including without limitation, the use of designations and design elements used or owned by or associated with Plaintiff;

   (d)   engaging in any other activity that will dilute the distinctiveness of the UGG Mark;

   (e)   committing any other act which falsely represents or which has the effect of falsely representing that the goods and services of Defendant is licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with Plaintiff;

3.   Ordering Defendant to recall from any distributors and retailers and to deliver to Plaintiff for destruction or other disposition all remaining inventory of all Infringing Products and related items, including all advertisements, promotional and marketing materials therefore, as well as means of making same;

4.   Ordering Defendant to file with this Court and serve on Plaintiff within thirty (30) days after entry of the injunction a report in writing, under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

5.   Ordering an accounting by Defendant of all gains, profits and advantages derived from their wrongful acts;

6.   Awarding Plaintiff all of Defendant's profits and all damages sustained by Plaintiff as a result of Defendant's wrongful acts, statutory damages, and such other compensatory damages as the Court determines to be fair and appropriate.

7.   Awarding treble damages in the amount of Defendant's profits or Plaintiff's damages, whichever is greater, pursuant to 15 U.S.C. § 1117(a) and (b);

8.   In the alternative, awarding statutory damages pursuant to 15 U.S.C. § 1117(c)(1) of up to $200,000 for each and every use of the UGG Mark or, if the Court finds that Defendant's infringement is willful, awarding statutory damages pursuant to 15 U.S.C. § 1117(c)(2) of up to $2,000,000 for each and every use of the UGG Mark;

9.   Awarding treble damages which Plaintiff has sustained and will sustain as a result of Defendant's infringement of the Bailey Button Design Patents, and all gains,

1  profits and advantages obtained by Defendant as a result thereof, pursuant to 35 U.S.C.

2  § 284 or 35 U.S.C. § 289;

3      10.    Finding that this is an exceptional case and awarding Plaintiff's attorneys'

4  fees pursuant to 15 U.S.C. §1117(a) and/or 35 U.S.C. § 285;

5      11.    Awarding applicable interest, costs, and disbursements;

6      12.    Awarding Plaintiff's punitive damages in connection with its claims under

7  California law; and

8      13.    Such other relief as may be just and proper.

9

10  DATED:    April 4, 2014        BLAKELY LAW GROUP

11

12          By:

13              Brent H. Blakely
            Cindy Chan

14              *Attorneys for Plaintiff*
            *Deckers Outdoor Corporation*

15

16  **<u>DEMAND FOR JURY TRIAL</u>**

17      Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Deckers

18  Outdoor Corporation hereby demands a trial by jury as to all claims in this litigation.

19

20  DATED:    April 4, 2014        BLAKELY LAW GROUP

21

22          By:

23              Brent H. Blakely
            Cindy Chan

24              *Attorneys for Plaintiff*
            *Deckers Outdoor Corporation*

25

26

27

28

**PLAINTIFF'S COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

# EXHIBIT 1



US00D599999S

(12) **United States Design Patent**   (10) Patent No.:   **US D599,999 S**
MacIntyre                              (45) Date of Patent:   ** **Sep. 15, 2009**

(54) **PORTION OF A FOOTWEAR UPPER**

(75) Inventor: **Jennifer MacIntyre**, Santa Barbara, CA (US)

(73) Assignee: **Deckers Outdoor Corporation**, Goleta, CA (US)

(**) Term: **14 Years**

(21) Appl. No.: **29/326,868**

(22) Filed: **Oct. 27, 2008**

(51) **LOC (9) Cl.** .............................................. **02-99**
(52) **U.S. Cl.** ........................... **D2/970**; D2/911; D2/946
(58) **Field of Classification Search** ................ D2/896, D2/909–915, 946, 970. 973, 974; 36/45, 36/50.1, 83, 3 A. 7.1 R, 113
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| D125,568 S | * | 3/1941 | Hard ............................ | D2/911 |
| D155,573 S | * | 10/1949 | Bingham ..................... | D2/910 |
| D159,577 S | * | 8/1950 | Stromberg ................... | D2/900 |
| D159,761 S | * | 8/1950 | Barron ........................ | D2/910 |
| D227,197 S | * | 6/1973 | Fukuoka ...................... | D2/910 |
| D319,332 S | * | 8/1991 | Itzkowitz .................... | D2/910 |
| D481,863 S | * | 11/2003 | Belley et al. ................. | D2/970 |
| D529,269 S | * | 10/2006 | Belley et al. ................. | D2/970 |
| D539,024 S | | 3/2007 | Belley et al. | |
| D581,140 S | | 11/2008 | Earle | |

FOREIGN PATENT DOCUMENTS

DE          40702148        8/2007

EP          00718002-0006        4/2007

OTHER PUBLICATIONS

UGG Australia, Bipster model, p. 1, Oct. 3, 2008.
UGG Australia, Henry model, p. 1, Oct. 3, 2008.
UGG Australia, Erin model, p. 1, Oct. 3, 2008.
UGG Australia, Cove model, p. 1, Oct. 27, 2008.
UGG Australia, Kona model, p. 1, Oct. 27, 2008.
Catalogue Moscow Shoes, summer 2006, p. 2 top center.
Steve Madden MISSYY Brown Suede boot, www.jildorshoes.com, Dec. 9, 2008.

* cited by examiner

*Primary Examiner*—Stella M Reid
*Assistant Examiner*—Rashida C McCoy
(74) *Attorney, Agent, or Firm*—Greer, Burns & Crain, Ltd.

(57)          **CLAIM**

The ornamental design for a portion of a footwear upper, as shown and described.

**DESCRIPTION**

FIG. 1 is a perspective view of a portion of a footwear upper showing my new design;

FIG. 2 is a side elevational view thereof;

FIG. 3 is an opposite side elevational view thereof;

FIG. 4 is a front elevational view thereof;

FIG. 5 is a rear elevational view thereof;

FIG. 6 is a top plan view thereof; and,

FIG. 7 is a bottom plan view thereof.

The broken lines in FIGS. 1–7 represent portions of the footwear that form no part of the claimed design. The broken line which defines the bounds of the claimed design forms no part thereof.

**1 Claim, 6 Drawing Sheets**



**EXHIBIT 1**



FIG. 1



FIG. 2



FIG. 3



FIG. 5



FIG. 4



FIG. 6



FIG. 7



US00D616189S

(12) **United States Design Patent**

MacIntyre

(10) **Patent No.:**  **US D616,189 S**

(45) **Date of Patent:** ** *May 25, 2010

(54) **PORTION OF A FOOTWEAR UPPER**

(75) Inventor: **Jennifer MacIntyre**, Santa Barbara, CA (US)

(73) Assignee: **Deckers Outdoor Corporation**, Goleta, CA (US)

(**) Term: **14 Years**

(21) Appl. No.: **29/343,479**

(22) Filed: **Sep. 14, 2009**

**Related U.S. Application Data**

(63) Continuation-in-part of application No. 29/326,868, filed on Oct. 27, 2008, now Pat. No. Des. 599,999.

(51) LOC (9) Cl. ................................................. **02-99**
(52) U.S. Cl. .................................................... **D2/970**
(58) Field of Classification Search ............... D2/896, D2/902, 903, 905–915, 946, 970, 972, 974, D2/976; 36/45, 50.1, 83, 3 A, 7.1 R, 113, 36/101, 112, 114, 116, 126–130, 48
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| D21,954 S | * | 11/1892 | Richardson | .................. D2/910 |
| D125,568 S | | 3/1941 | Hard | |
| D155,573 S | | 10/1949 | Bingham, Jr. | |
| D159,577 S | * | 8/1950 | Stromberg | .................. D2/900 |
| D159,761 S | * | 8/1950 | Barron | ......................... D2/900 |
| D227,197 S | | 6/1973 | Fukuoka | |
| D284,805 S | * | 7/1986 | Smith | ........................... D2/900 |
| D319,332 S | | 8/1991 | Itzkowitz | |
| D357,572 S | * | 4/1995 | Seiler et al. | ............... D2/910 |
| D386,292 S | * | 11/1997 | Brooks et al. | ............... D2/970 |
| D386,294 S | * | 11/1997 | Brooks et al. | ............... D2/970 |
| D400,342 S | * | 11/1998 | Davidovitz et al. | ......... D2/909 |
| D481,863 S | | 11/2003 | Belley et al. | |
| D497,476 S | * | 10/2004 | Huard et al. | ............... D2/970 |
| D521,228 S | * | 5/2006 | Kelsey | .................... D2/976 |
| D529,269 S | | 10/2006 | Belley et al. | |
| D539,024 S | * | 3/2007 | Belley et al. | .................. D2/970 |

| | | | | |
|---|---|---|---|---|
| D554,341 S | * | 11/2007 | Belley et al. | .................. D2/970 |
| D575,495 S | | 8/2008 | Le | |
| D580,158 S | | 11/2008 | Belley et al. | |

(Continued)

FOREIGN PATENT DOCUMENTS

DE            40702148            8/2007

(Continued)

OTHER PUBLICATIONS

UGG Australia, Bipster model, p. 1, Oct. 3, 2008.

(Continued)

*Primary Examiner*—Robert M Spear
*Assistant Examiner*—Rashida C McCoy
(74) *Attorney, Agent, or Firm*—Greer, Burns & Crain, Ltd.

(57) **CLAIM**

The ornamental design for a portion of a footwear upper, as shown and described.

**DESCRIPTION**

FIG. **1** is a perspective view of a portion of a footwear upper showing my new design;

FIG. **2** is a side elevational view thereof;

FIG. **3** is an opposite side elevational view thereof;

FIG. **4** is a front elevational view thereof;

FIG. **5** is a rear elevational view thereof; and,

FIG. **6** is a top plan view thereof.

The broken lines in FIGS. **1**–**6** represent portions of the footwear that form no part of the claimed design. The broken line which defines the bounds of the claimed design forms no part thereof.

**1 Claim, 6 Drawing Sheets**



**US D616,189 S**

Page 2

U.S. PATENT DOCUMENTS

| D581,140 S | 11/2008 | Earle |
| D585,636 S | 2/2009 | Earle |
| D591,496 S | 5/2009 | Earle |

FOREIGN PATENT DOCUMENTS

| EP | 00187002-0006 | 4/2007 |
| EP | 001159008-0005 | 8/2009 |

OTHER PUBLICATIONS

UGG Australia, Henry model, p. 1, Oct. 3, 2008.
UGG Australia, Erin model, p. 1, Oct. 3, 2008.
UGG Australia, Cove model, p. 1, Oct. 27, 2008.
UGG Australia, Kona model, p. 1, Oct. 27, 2008.
Steve Madden MISSYY Brown Suede boot, www.jildorshoes.com, Dec. 9. 2008.
Catalogue Moscow Shoes, summer 2006, p. 2 top center.
UGG Australia 1990 Catalog, Classic Tall model, 1990.
UGG Australia Fall/Winter 2004 Catalog, Larkspur model, 2004.
Sportsmaster, Russian Federation, Autumn/Winter 2008-2009.

* cited by examiner



FIG. 1



FIG. 2



FIG. 3



FIG. 4



FIG. 5



FIG. 6

# EXHIBIT 2

2/12/2014                                    ugg - Walmart.com



**Walmart** ✳
Save money. Live better.

Sweet savings on Valentine's Day gifts for everyone

**Value of the Day    Weekly Ad    Store Finder    Registry    Gift Cards**

New customer?    Sign In  |  Help

Track My Orders    My Account    My Lists

[ All Departments ▼ ]  ugg

Los Angeles

**Departments**
**Gifts & Registry**
   Gift Shop
**Party & Occasions**
   Christmas Decor
   Crafts
**Electronics**
   Office
**Home**
   Crafts
**Apparel**
   Shoes

Did you mean **"sugg"** ?

Refine by    Price    Top Brands    Store Availability    Sort by

**7 Results**

**Most recently added:**

Your cart is currently empty

**Laundry List Women's Sherpa Lined Harness Bootie**
   (3)
   • Ankle high
   • Buckle harness detail
   • Sherpa lining

Online
**$10.**⁰⁰
Was $19.00
CLEARANCE

• Free shipping available on orders over $50

**Refine Results**

**Size**
   S (1)
   M (1)
   L (1)
   6 (2)
   8 (1)
   12 (1)
   13 (2)
   See 9 more

**Price**
$[      ] to $[      ]
   $10 - $20 (5)
   $20 - $50 (1)
   $50 - $100 (1)

**Category**
   Boots (4)
   Fashion Boots (1)
   Stamp Blocks (1)

**Color**
   Brown (3)
   Beige (2)
   Gray (2)
   Black (1)
   Multicolor (1)
   Purple (1)

**Customer Rating**
   (1)
   (3)
   (2)

**Retailer**
   Walmart.com (5)
   Christmas Central (1)
   Stuff4.com (1)

**Special Offers**
   Online Only (4)
   Clearance (3)
   New (2)

**Style**
   Fashion Boots (3)

**Brand**

**Sponsored Products**

Brinley Co Kids Girls Wood Toggle Accent Boots
   (5)

Online
**$19.**⁹⁹
ONLINE ONLY

• Free shipping available on orders over $50

**Club Pack of 12 Fashion Avenue Ugg Style Tan Flocked Boot Christmas Ornaments**

Club Pack of 12 Fashion Avenue Ugg Style Tan Flocked Boot Christmas Ornaments

Online
**$94.**⁹⁹
NEW

• Sold & shipped by Christmas Central

**Australia Cling Stamp-Tilda With UGG Shoes**

Australia Cling Stamp-Tilda With UGG Shoes

Online
**$13.**⁹⁵

• Sold & shipped by Stuff4.com

**Brinley Co. - Women's Faux Suede Lug Sole Boots**
   (129)

Available Colors

Online
**$26.**⁹⁹
ONLINE ONLY

• Free shipping available on orders over $50

**MUK LUKS Tonal Fur Wrap Boot**
   (23)

FauxFur#Fleece Hand wash cold, lay flat to dry
Available Colors

Online
**$16.**⁰⁰
ONLINE ONLY

• Free shipping available on orders over $50

**Faded Glory Girl's Multi Glitter Boot**
   (11)
   • Pull-on style
   • Synthetic lined
   • Padded footbed

Online
**$10.**⁰⁰
Was $15.97
CLEARANCE

• Free shipping available on orders over $50



**UGG Classic
Toddler's Boots- ...**
$100.00
UGG Australia

**UGG Australia
Bailey Button Sh...**
$70.00
Saks Fifth Avenue

**Related Searches**

ugg boots                        faux suede boots                    ugg boots for girls              womens ugg boots
ugg style boots                  uggs for kids                       ugg style boots for women        fur boots

**Sponsored Links**                                                                                             What's this?

**UGG Boots** Free Shipping and Free Returns! Huge Selection of **UGG** Boots. www.shoebuy.com/

**UGG - Great Prices** Free Shipping & Low Prices On All **UGG** Women's, Men's, & Kids' Boots! www.countryoutfitter.com/**UGG**

**Official UGG® Site** Free Shipping - Official **UGG®** Site. Shop New & Classic **UGG®** Styles Now! www.uggaustralia.com/

**UGG Boots & Slippers** We Have Every **UGG** Style & Color. All **UGG** Ship Free. Order Today! www.thewalkingcompany.com/**UGG**

**Ugg** **Ugg** Online. Free Shipping While Stocks Last! online.boots.comparedstores.com/

**UGG on Sale** Up to 70% Off **UGG**! Latest Designer Sales at ShopStyle. www.shopstyle.com/**UGG**

**Sale on UGG** **UGG** on Sale at 6PM.com. Free Shipping on Every Order! www.6pm.com/**UGG**

**You may also like**

**MUK LUKS
Malena -
Horizonatal Rib
Side...**
★★★★★
$30.⁰⁰

**Faded Glory
Women's Denim
Jeggings**
★★★★
$13.⁴⁴

**Womens Superior
Boot Co. Laurent**
★★★★★
$53.⁹⁵

**Brinley Co. -
Women's Buckle
Accent...**
★★★★✦
$31.⁹⁹

**Faded Glory
Women's
Straight-Leg
Jeans**
★★★★✦
$12.⁸⁸

**Brinley Co. -
Women's Buckle
Detail...**
★★★★
$34.⁹⁹

[▷x]

Did you find the product or service you were looking for?    Yes    No

**Sign up for savings** Get Walmart values delivered to your inbox.              Like       Mobile
                                                                                us        apps
        Enter Email Address            Sign Up         Privacy policy

**Walmart Credit Card**      **Get to know us**        **Walmart.com**              **Customer Service**          **In the Spotlight**
Apply Now                    Corporate                About Walmart.com            Help Center                  [+] Apparel
                             Our Story                Terms of Use                 Track Your Order             [+] Baby
                             News & Views             Affiliate Program            Returns Policy               [+] Bikes
                             Giving Back              Sponsorship Submission       Return an Item               [+] Cell Phones
                             Global Responsibility    International Customers       Product Recalls             [+] Electronics
**Financial Services**       Investors                About Our Ads                Associate Discount           [+] Healthy Living
Walmart Credit Card          Suppliers                Store Finder                 Privacy & Security           [+] Home
Walmart MoneyCenter          Careers                  Printable Coupons            California Privacy Rights    [+] Toys
Manage Account & Pay Bill    @WalmartLabs             See All Departments          Contact Us                   [+] Video Games
                                                      View Mobile Site             Feedback [-]                 [+] Walmart Specials
                                                                                                                [+] Buying Guides

© 2014 Wal-Mart Stores, Inc.