O

# United States District Court
# Central District of California

| DECKERS OUTDOOR CORPORATION, | Lead Case  CV 14-02561-ODW(CWx) |
|---|---|
| Plaintiff, | ALL CASES |
| v. | • 2:14-cv-02565-ODW(MANx) |
| SEARS HOLDINGS CORPORATION; | • 2:14-cv-02577-ODW(CWx) -* |
| SEARS ROEBUCK AND CO.; SEARS | • 2:14-cv-02649-ODW(PLAx) |
| BRANDS, LLC; DOES 1–10, inclusive, | |
| Defendants. | **ORDER CONSOLIDATING CASES** |

This Consolidation Order applies to, and shall be filed in, all of the cases listed in Part IV below (the "*Deckers* Cases"), which were filed by Plaintiff Deckers Outdoor Corporation and include claims for infringement of United States patents D599,999 and D616,189.  This Order applies to any cases subsequently filed by Deckers alleging infringement of the same patents that are assigned to this Court.

## I.      Relation and coordination of cases

The *Deckers* Cases are deemed related within the meaning of General Order 08-05, section 5; and Local Rule 83-1.3 because they will call for determination of the same and substantially similar questions of law or fact, will entail substantial duplication of labor if heard by different judges, and involve the same patents.  The *Deckers* Cases are, until further order, coordinated for case-management purposes

under Federal Rule of Civil Procedure 42.  The Court will issue one scheduling order to govern all of the cases.

This Order does not constitute a determination that these actions should be consolidated for trial, nor does it have the effect of making any entity a party to an action in which it has not been joined and served in accordance with the Federal Rules of Civil Procedure.

The low-number case, *Deckers Outdoor Corp. v. Sears Holdings Corp. et al.*, No. 2:14-cv-02561-ODW(CWx) (C.D. Cal. case filed Apr. 4, 2014), will serve as the master case file.  All orders, pleadings, motions, and other documents will, when filed and docketed in the master case file, be deemed filed and docketed in each individual related case to the extent applicable.  Parties shall enter their appearances in the individual cases, and the Clerk is directed to add all parties and attorneys from the individual cases to the master case file such that all counsel appearing in the individual cases will receive notifications for the master case file as well.

If orders, pleadings, motions, or other documents are generally applicable to all consolidated actions, they shall include in their caption the notation that they relate to "ALL CASES" and be filed and docketed **only in the master file.**  Documents intended to apply only to particular cases will indicate in their caption the case number of the case(s) to which they apply and will **only be filed in the individual cases.**

## II. Discovery

### A. Generally

Pursuant to the Court's Patent Standing Order, the Court hereby **REFERS** all discovery matters to this Court for all purposes.  This Order supersedes any representations made to the contrary in the Court's Scheduling and Case Management Order.  This Order likewise supersedes Central District of California Local Rule 37 in its entirety.

All discovery responses must be verified.

/ / /

The Court will handle all discovery disputes in the form of letter briefs, which shall be electronically filed as a "Notice of Discovery Dispute."  For the purposes of discovery letter briefs governed by this Patent Discovery Order only, the parties may disregard any automatically generated Notice to Filer of Deficiencies invoking Local Rule 11's formatting rules or Local Rule 83-2.11's prohibition on communications with the judge via letter.  The moving party shall fully comply with both the letter and the spirit of Local Rule 7-3 and 37-1's meet-and-confer requirements prior to submitting its opening letter brief.  The parties are further encouraged to review Federal Rule of Civil Procedure 37(5)(A) carefully before submitting any discovery briefs.

Upon the filing of the opening letter brief, the opposing party shall have 7 days to file a responding letter brief.  The parties' opening and responding letter briefs shall not exceed 5 single-spaced pages, excluding declarations and exhibits.  Both briefs shall succinctly state each side's position on the dispute.  The Court will not accept any reply briefs.

In lieu of holding a hearing on discovery matters, the Court will schedule a teleconference for as soon as practicable following the Court's receipt of the opposing party's responding letter brief.

### B.     Coordination and discovery limitation

The Court intends to actively manage this case in order to conserve the resources of all parties and to focus effort on key issues.  The Court notes that the attached case-management schedule assumes one trial.  These actions are being coordinated, but the Court will only join Defendants for trial if such consolidation will facilitate the just, speedy, and inexpensive disposition of the actions and the criteria of 35 U.S.C. § 299 are met.  A further case-management conference will be held after the Court issues its *Markman* order to re-evaluate these dates as necessary.

/ / /

/ / /

The Court will require efficient coordinated discovery practice.  The parties shall confer and attempt to agree on limitations that reflect coordination.  For example, on common issues, Plaintiff's witnesses should not, in most instances, be separately deposed in every case.  Rather, a combined multi-day deposition would be appropriate, scheduled for enough time to cover all Defendants' individual issues, with common issues handled in a coordinated and nonduplicative manner.  The Court anticipates that, subject to confidentiality restrictions, all depositions of Plaintiff's witnesses shall be cross-noticed for, and may be used in, every case.  The parties are encouraged to cross-notice depositions of defense witnesses where appropriate.  The parties should agree on a number of common discovery requests to be served on Plaintiff, with a small number of additional requests for each Defendant.  Likewise, the parties should explore whether it would be feasible to reduce the default number of discovery requests to be served on each Defendant.

Defendants are encouraged to coordinate their positions to the maximum extent possible and not present Plaintiff or the Court with multiple proposals on scheduling and coordination of discovery unless there are truly insoluble conflicts among the defendants.  Defendants are encouraged to form working groups, perhaps organized by issue, to assist in the coordination of these actions and the presentation of a cohesive Defense position to the extent possible.

**III.   Service of this Order**

The Court **ORDERS** Plaintiff to immediately serve a copy of this order on all Defendants who have not yet filed appearances in the cases (and who therefore have not received a copy through the CM/ECF system).

/ / /

/ / /

/ / /

/ / /

/ / /

**IV.    List of *Deckers* Cases**

- 2:14-cv-02561-ODW(CWx)
- 2:14-cv-02565-ODW(MANx)
- 2:14-cv-02577-ODW(CWx)
- 2:14-cv-02649-ODW(PLAx)

**IT IS SO ORDERED.**

July 3, 2014

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**