O

# United States District Court
# Central District of California

DECKERS OUTDOOR CORPORATION,

Plaintiff,

v.

WAL-MART STORES, INC; KNS
INTERNATIONAL, LLC; DOES 1–10,
inclusive,

Defendants.

Case No. 2:14-cv-02577-ODW(CWx)

**ORDER DENYING IN PART AND
GRANTING IN PART PLAINTIFF'S
MOTION TO COMPEL [27]**

## I. INTRODUCTION

Plaintiff Deckers Outdoor Corporation ("Deckers") filed suit against Defendant Wal-Mart Stores Inc.[1] alleging trade dress and patent infringement of U.S. Patent Nos. D599,999 and D616,189.  (ECF No. 1.)  Specifically, Plaintiff alleges that Defendant sells knock-off UGG Boots, which infringe Plaintiff's "Bailey Button Boot Trade Dress" and "Bailey Button Design Patents."  On November 19, 2014, Plaintiff filed the instant Motion to Compel Further Responses and Production of Documents by Defendant in Response to Decker's First Set of Requests for Production and Special Interrogatories.  (ECF No. 27.)

---

[1] On December 2, 2014, Plaintiff filed a First Amended Complaint adding Defendant KNS International, LLC.  (ECF No. 31.)  This Motion to Compel was filed before KNS International was added and therefore all references to "Defendant" are to Wal-Mart Stores Inc. only.

Plaintiff argues that after several letters and meetings with Defendants, Defendants have still not produced any documents or any supplemental discovery responses per their agreement to do so.   (ECF No. 27 at 1-2.)  Defendants argue that they have already agreed to produce most of the documents that are subject to Plaintiff's Notice and Defendants assert valid objections for the remaining discovery requests.  (ECF No. 28 at 1.)

## II. DISCUSSION

After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument (Fed. R. Civ. P. 78; L.R. 7-15) and finds the following:

**A.     Requests to which Defendants agreed to produce documents (Nos. 1, 10, 25, 27, 30-32, 39, 40, 51-54, 57, 58, 66-71, 74-76)**

Seeing as there is no dispute that Defendant has agreed to produce documents responsive to these requests and discovery closes in ten months, this Court **DENIES** the Motion to Compel with respect to these documents as **MOOT**.

**B.     Requests Dealing with "Disputed Products" (Nos. 2, 4-8, 12-24, 26, 29, 34-38, 41-50, 54, 60, 73; Interrogatories 1-10)**

In light of Plaintiff's amended infringement contentions, that were served to Defendant on November 17, 2014, the dispute regarding the definition of "Disputed Products" is resolved and Defendant represents that they are in the process of producing documents to Plaintiff and will amend their interrogatory answers.  (*See* ECF No. 28 at 2-3.)  This Court **DENIES** the Motion to Compel with respect to these documents and responses as **MOOT**.  To the extent there is further dispute regarding these requests and interrogatories, the Court encourages the parties to meet and confer to resolve their issues instead of prematurely filing a motion.

/ / /

/ / /

/ / /

2

**D.     Requests Relevant to Determination of a Reasonable Royalty (Nos. 43, 45-48)**

Plaintiff's Requests call for documents regarding all footwear that Defendant has ever sold in the United States.  (*See* ECF No. 27, Ex. 1.)  The Court agrees with Defendant that information about footwear generally has no bearing on reasonably royalties for the accused products and the requests are overly broad and unduly burdensome.  (*See* ECF No. 28 at 3.)  Defendant agrees to produce license agreements and license rates with respect to the accused products.  To the extent the Motion to Compel seeks an order compelling further production of *all* footwear products (not just the accused products), the Motion is **DENIED**.

**C.     Requests   Regarding   Prior   Accusations/Lawsuits   (Nos.   52,   53; Interrogatory 19)**

Plaintiff   requests   information   and   documents   regarding   prior accusations/lawsuits of intellectual property infringement, arguing relevance because prior acts may be used to demonstrate knowledge, intent, or absence of mistake.  (*See* ECF No. 27 at 3 (quotations and citations omitted).)  Plaintiff also offered to limit these   Requests   to   an   identification   of   intellectual   property   infringement   or misappropriation lawsuits where Defendant was either found liable or voluntarily settled any such claim.  (*Id.* at 3.)

Again, this Court agrees with Defendant.   A legal finding of infringement or misappropriation with respect to one of Defendant's many business activities does not make it any more likely that Defendant intentionally or willfully infringed Plaintiff's boot design and trade dress.  By the same reasoning a settlement is not likely to demonstrate bad intent or willfulness.   Requiring Defendant to produce these documents would be unduly burdensome and outweighs any marginal relevance of the information.    This is especially true since Defendant offers a wide range of merchandise unrelated to boots.  This Court finds the scope and time frame of Plaintiff's request overly broad and unduly burdensome.  To the extent the Motion to

Compel seeks an order compelling production and information of *every* lawsuit against Defendant involving claims of intellectual property infringement or misappropriation during the past ten years where Defendant was found either liable or voluntarily settled, the Motion is **DENIED**.

**E.      Requests For Documentation Regarding Indemnification Agreements (No. 73)**

Plaintiff seeks production of documents involving the negotiation of indemnification agreements with respect to the disputed products.  (ECF No. 27 at 4.) This Court finds that these documents are not relevant and Plaintiff has failed to show how these documents are relevant in this case.  At this time the Court finds production of the Indemnification Agreements themselves sufficient.  To the extent the Motion to Compel seeks an order compelling further production of documents involving the negotiation of indemnification agreements with respect to the disputed products, the Motion is **DENIED**.

**F.      Interrogatories Nos. 13, 14, 20**

Plaintiff asks Defendant to identify all UGG® products Defendant may have reviewed or considered in designing or selecting any of its merchandise (Interrogatory 13) and each use of the word "UGG" in connection with any products Defendant has ever sold (Interrogatory 14).  The Court finds that a Motion to Compel regarding these interrogatories is premature.  No order or stipulation governing electronically stored information has been entered. The Motion as to Interrogatory Nos. 13 and 14 is **DENIED** as **PREMATURE**.  To the extent there is further dispute regarding these interrogatories, the Court encourages the parties to meet and confer to resolve their issues instead of prematurely filing a motion.

Interrogatory 20 seeks identification of "any procedures or steps [Defendant] takes to ensure that its products do not infringe upon the intellectual property of others."  Defendant has agreed to respond only as it applies to the accused products. This Court finds that general company procedures to prevent infringement of

intellectual property are relevant and not unduly burdensome.  Defendants are not clear as to how or why there would be separate procedures for each type of product they sell.  Defendants are compelled to answer the interrogatory or provide more detailed reasoning as to why they object.  The Motion as to Interrogatory 20 is **GRANTED**.

**G.     Privilege Log**

Since Defendants have already agreed to produce a privilege log, the Motion to Compel a privilege log is **DENIED** as **MOOT**.

### III. CONCLUSION

For the reasons stated above, this Court **DENIES** in part and **GRANTS** in part Plaintiff's Motion to Compel.  The Court further orders that all discovery matters will now be referred to Magistrate Judge Carla Woehrle.

**IT IS SO ORDERED.**

December 15, 2014

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**